IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ENRIQUE G.C., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-3418-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 240-398-213 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Javier Enrique G.C.[1] entered the United States without inspection around thirteen years ago.  Dkt. No. 1, at pg. 5.  Since then, he has worked to support his wife and three minor children.  He has no criminal history beyond certain alleged unspecified violations of "vehicular statutes in the state of Florida."  Dkt. No. 13-1, at pg. 3.  But on March 26, 2026, he was arrested by immigration officers while on his way to work.  Although he has not been found to be a danger to the community or a flight risk at a bond hearing—although he has, in fact, not been afforded a bond hearing at all—he has been held in immigration detention ever since his arrest.  *Id.*

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction.  In a petition for writ of habeas corpus under 28 U.S.C. § 2241 and through the arguments of appointed counsel, he contends, among other things, that because he is not subject to mandatory detention under 8 U.S.C. § 1225(b), he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See, e.g.,* Dkt. No. 16, at pg. 11.  Petitioner seeks an order granting either his immediate release or "a hearing before a neutral arbiter" where the government bears the burden of proving that Petitioner is a flight risk or danger to other "by clear and convincing evidence within three (3) days of this Court's order."  *Id.* at pg. 22.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.[2]  To resolve this case, therefore, the court need

---

[2]    In cases like this one, where a petitioner has not been encountered by immigration authorities prior to the current detention, courts—including those discussed above—have frequently concluded that "a bond hearing, rather than immediate release, is the appropriate remedy."  *Garcia-Aburto v. Santacruz*, No. 1:26-cv-3270, 2026 WL 1453578, at *3 (E.D. Cal. May 22, 2026) (discussing 8 U.S.C. § 1226(a) and caselaw), *findings and recommendations adopted*, 2026 WL 1480401 (E.D. Cal. May 27, 2026).  And "where there was no prior release and in the absence of a prolonged detention finding," the appropriate burden of proof is placed on petitioner to demonstrate his entitlement to bond by a preponderance of the evidence.  *See id.; see also*

2

only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 14. The court appreciates Respondents' timely and candid response. Dkt. No. 15. Although Respondents maintain that Petitioner's detention is lawful, they acknowledge that "the matter is not substantively distinguishable from the prior orders referenced by the Court." *Id.* at pg. 1. Respondents do not oppose the court ruling directly on the petition, they do not request a hearing, and they do not intend to file any additional affirmative briefing. *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in Count One that he is entitled by statute to a bond hearing. In all other respects, the petition is DENIED without prejudice to a future petition. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C.

---

*Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). The court therefore declines at this stage to grant the broader relief sought by Petitioner of a bond hearing where the government bears the burden to justify detention by clear and convincing evidence.

§ 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  And because any future petition based on the outcome of that hearing will necessarily involve different claims and legal arguments, the court declines to retain jurisdiction over the petition pending the outcome of the bond hearing.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  June 9, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-3418-MWJS; *Javier Enrique G.C. v. Warden, Golden State Annex Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART